IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

N.R. SMITH, LLC                                                    PLAINTIFF

          v.              Civil No. 07-3055

WAYNE A. HICKS and LORI HICKS,
husband and wife; WAYNE HICKS
d/b/a Shake It Up Club; MY ICIS,
INC.; WAYNE HICKS ENTERPRISES,
INC. d/b/a Wirestream Internet
Services, and d/b/a Wirestream
KVB, and d/b/a Wirestream Marketing,
and d/b/a Wirestream Media, and
d/b/a Wirestream Networks, and
d/b/a Wirestream Printing, and
d/b/a Wirestream Productions, and
d/b/a Wirestream Records, and
d/b/a Wirestream Security; HOUSE
OF ROCK THEATRE, INC.; KIRBY
VANBURCH THEATRE, INC.; WIRESTREAM
INTERNET SERVICES, INC.; WIRESTREAM
MARKETING, INC.; WIRESTREAM MEDIA,
INC.; WIRESTREAM NETWORKS, INC.;
WIRESTREAM PRINTING, INC.; WIRESTREAM
PRODUCTIONS, INC.; WIRESTREAM RECORDS,
INC.; WIRESTREAM SECURITY, INC.                                    DEFENDANTS


O R D E R

     Now on this 11th day of June, 2008, come on for consideration
plaintiff's **Motion And Brief In Support Of Motion For Default
Judgment** (document #18) and **Amended Motion And Brief In Support Of
Motion For Default Judgment** (document #19), and the Court, being
well and sufficiently advised, finds and orders as follows:

     1.   Plaintiff   alleges   fraud,   constructive   fraud,
constructive trust, conversion, and fraudulent transfer under

**A.C.A. §4-59-204,** with regard to the transfer of funds through accounts owned or controlled by defendants.  The Complaint seeks compensatory damages, pre- and post-judgment interest, costs, and attorney fees.

2.  Plaintiff shows by various Notices Of Service that service was made as follows:

*   upon Wayne Hicks, by personal service on December 27, 2007;

*   upon Lori Hicks, by personal service on December 26, 2007; and

*   upon Wayne Hicks Enterprises, Inc.; House of Rock Theatre, Inc.; Kirby Vanburch Theatre, Inc.; Wirestream Internet Services, Inc.; Wirestream Marketing, Inc.; Wirestream Media, Inc.; Wirestream Networks, Inc.; Wirestream Printing, Inc.; Wirestream Productions, Inc.;  Wirestream Records, Inc.; and Wirestream Security, Inc., by personal service on Shane Walton, registered agent, on November 8, 2007.

3.  On March 6, 2008, a Clerk's Default was entered with regard to all defendants.

4.  No defendant has filed any responsive pleading in this matter.  As to all defendants except My Icis, Inc., therefore, the Court finds that default judgment against them is proper.

5.  Plaintiff asserts that service has been perfected upon defendant My Icis, Inc., but the Court finds this assertion

-2-

questionable.  Document #14, which was docketed by plaintiff as an Affidavit of Service as to My Icis, Inc., alleges that plaintiff "caused the above referenced Complaint and Summons, to be served on Defendant, Wayne Hicks, My Icis, Inc."  The attached document furnished to plaintiff by the process server shows the "Party to be Served: WAYNE A. HICKS, d/b/a" (with nothing following the "d/b/a") and the "Type of Service: CORPORATE."

This information is, at best, confusing.  There is no allegation that Wayne Hicks is the agent for service of process for My Icis, Inc., and service on Hicks under the "doing business as" rubric will not suffice.  The Complaint alleges that My Icis, Inc., is an Arkansas corporation, and under Arkansas law a corporation is a separate legal entity from its stockholders and officers.  **Springer v. Daniels, 1 Ark. App. 103, 105, 613 S.W.2d 121, 122 (1981).**  The Complaint does allege that Wayne Hicks is "an officer with Icis," and that may be sufficient if he was in fact served as an officer of My Icis, Inc.  The Court will withhold judgment as to whether My Icis, Inc., is in default, pending the hearing scheduled in this matter.

6.  Plaintiff has submitted the Affidavit of Robert Dunlop, its Managing Member and sole shareholder, as to its damages. Dunlop avers that plaintiff deposited over $1,000,000.00 with My Icis, Inc., and that access to the money was stopped when $607,662.39 remained in the account.  Dunlop further avers that

-3-

plaintiff's lack of access to its funds has resulted in "business damages" of $595,287.50, and that it is entitled to $20,000.00 in attorney's fees and $3,500.00 in costs.

Plaintiff suggests that this Affidavit is sufficient to allow the Clerk to enter a default judgment pursuant to **F.R.C.P. 55((b)(1)**. The Court does not agree. **Rule 55(b)(1)** exists to streamline the default judgment process in situations where the complaint seeks a specific sum, such as where a note is in default or a check has been dishonored. If all plaintiff sought was judgment for the $607,662.39 as to which access has been denied, **Rule 55(b)(1)** would be an appropriate mechanism.

**Rule 55(b)(1)** does not, however, cover situations where general "business damages" must be determined, nor does it cover an award of attorney's fees. **Wright, Miller & Kane, <u>Federal Practice And Procedure</u>, Civil 3d §2683.** In order to determine the appropriate amounts of damages, attorney's fees, and costs, the Court will conduct a hearing in this matter at 10:30 a.m. on Friday, July 25, 2008. At this hearing, plaintiff will also be afforded an opportunity to clear up the matter of service *vel non* on My Icis, Inc.

**IT IS THEREFORE ORDERED** that plaintiff is entitled to default judgment as against Wayne Hicks; Lori Hicks; Wayne Hicks Enterprises, Inc.; House of Rock Theatre, Inc.; Kirby Vanburch Theatre, Inc.; Wirestream Internet Services, Inc.; Wirestream

-4-

Marketing, Inc.; Wirestream Media, Inc.;   Wirestream Networks, Inc.; Wirestream Printing, Inc.; Wirestream Productions, Inc.; Wirestream Records, Inc.;  and Wirestream Security, Inc.

**IT IS FURTHER ORDERED** that this matter is set down for hearing at 10:30 a.m. on Friday, July 25, 2008, at which time all parties may appear and present proof on the issue of damages, and on the issue of whether service has been perfected as to separate defendant My Icis, Inc.

**IT IS SO ORDERED.**

**    /s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT COURT**