**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

**N.R. SMITH, LLC**                                                                                           **PLAINTIFF**

                    v.                    Civil No. 07-3055

**WAYNE A. HICKS and LORI HICKS,**
**husband and wife; WAYNE HICKS**
**d/b/a Shake It Up Club; MY ICIS,**
**INC.; WAYNE HICKS ENTERPRISES,**
**INC. d/b/a Wirestream Internet**
**Services, and d/b/a Wirestream**
**KVB, and d/b/a Wirestream Marketing,**
**and d/b/a Wirestream Media, and**
**d/b/a Wirestream Networks, and**
**d/b/a Wirestream Printing, and**
**d/b/a Wirestream Productions, and**
**d/b/a Wirestream Records, and**
**d/b/a Wirestream Security; HOUSE**
**OF ROCK THEATRE, INC.; KIRBY**
**VANBURCH THEATRE, INC.; WIRESTREAM**
**INTERNET SERVICES, INC.; WIRESTREAM**
**MARKETING, INC.; WIRESTREAM MEDIA,**
**INC.; WIRESTREAM NETWORKS, INC.;**
**WIRESTREAM PRINTING, INC.; WIRESTREAM**
**PRODUCTIONS, INC.; WIRESTREAM RECORDS,**
**INC.; WIRESTREAM SECURITY, INC.**                                                          **DEFENDANTS**

**O R D E R**

Now on this 6th day of October, 2008, comes on for consideration plaintiff's **Motion To Award Costs And Attorney Fees** (document #42), and the Court, being well and sufficiently advised, finds and orders as follows:

1.   In this suit, plaintiff alleged fraud, constructive fraud, constructive trust, conversion, and fraudulent transfer under **A.C.A. §4-59-204**, with regard to the transfer of funds through accounts owned or controlled by defendants. Defendants

defaulted, and the Court determined the amount of compensatory damages due.

2.  Plaintiff now moves for an award of attorney's fees and costs.  Costs are presumptively recoverable under **F.R.C.P. 54(d)(1),** and the motion will be granted to the extent it seeks an award of costs.  Pursuant to **28 U.S.C. §1920,** the following costs are taxable:

* fees of the clerk and marshal;
* court reporter fees for transcripts necessarily obtained;
* fees for printing and witnesses;
* fees for copies necessarily obtained;
* docket fees; and
* compensation of court appointed experts and interpreters.

A review of the bill submitted by plaintiff reflects only two charges that arguable fall into one of the **§1920** categories:

* $500.00 to ANB for copies; and
* $350.00 to Clerk for filing fee.

The Court uses the word "arguably" because there is no showing that the ANB copies were necessarily obtained for use in the case. The Court will, however, give plaintiff the benefit of the doubt on this issue, and costs in the amount of $850.00 will be awarded.

3.  Attorney's fees are governed in the first instance by **F.R.C.P. 54(d)(2),** which requires in relevant part that a motion seeking same must "specify the judgment and the statute, rule, or

other grounds entitling the movant to the award."

In the motion now under consideration, no specification of authority -- other than **Rule 54** -- is offered in support. The Court has, therefore, looked to the Complaint, and the causes of action asserted therein under Arkansas law, to determine if they entitle plaintiff to an award of attorney's fees.

Plaintiff's causes of action -- fraud, constructive fraud, constructive trust, conversion, and fraudulent transfer under **A.C.A. §4-59-204** -- sound in tort rather than contract. Arkansas has a statute which provides for attorney's fees in actions sounding in contract, **A.C.A. §16-22-308**, but does not generally recognize a right to attorney's fees in tort actions. See, e.g., <u>**Stein v. Lukas**</u>**, 308 Ark. 74, 823 S.W.2d 832 (Ark. 1992)**. The Court is aware of no authority under Arkansas law that would support an award of attorney's fees on plaintiff's tort causes of action. For this reason, the motion will be denied insofar as it seeks an award of attorney's fees.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion To Award Costs And Attorney Fees** (document #42) is **granted in part and denied in part**.

The motion is **granted** insofar as it seeks an award of costs, and an award of costs in the sum of $850.00 will be included in the judgment in this matter.

The motion is **denied** insofar as it seeks an award of

attorney's fees.

    **IT IS SO ORDERED.**

                                 **/s/ Jimm Larry Hendren**
                                 **JIMM LARRY HENDREN**
                                 **UNITED STATES DISTRICT COURT**